TAYLOR, Presiding Judge.
The appellant, Tyrone Taylor, and four codefendants, were convicted of two counts of robbery in the first degree, see § 13A-8-41, Code of Alabama 1975, and one count of burglary in the first degree, see § 13A-7-5, Code of Alabama 1975. The appellant was sentenced to 30 years in the state penitentiary on each count, and the sentences were to run concurrently.
The state’s evidence tended to show that on the night of August 2, 1993, the door to Sergio Jimenez’s house was forced open and six people entered the house, one of whom was the appellant. One of the group pointed a pistol at Jimenez. Sergio’s brother, Eugenio, came out of a bedroom after he heard a commotion. Because Sergio did not speak English, he did not understand what was going on. The intruders took a wallet containing $100, two AM/FM cassette players, and a watch from the Jimenez’s residence. After the intruders left, Sergio notified some friends that he had been robbed and the police were alerted. Sergio identified the appellant from a photographic lineup as one of the men who had entered his house by force and robbed him on the night of August 2,1993.
The first of the intruders to be apprehended was codefendant Macray Morris. He was taken into custody and read his Miranda, v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), rights. Morris made a statement to the police in which he said that he and five others, including the appellant, were at the appellant’s aunt’s house on the night of August 2,1993.
I
The appellant contends that the trial court violated his Sixth Amendment right to confront the witnesses against him when the court received into evidence a statement by codefendant Morris, who was tried with him. He further contends that because the statement was read to the jury without the declar-ant’s being on the witness stand, it violated *251 his right to cross-examination. The appellant relies on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), which held that the receipt into evidence of a eodefendant’s confession in a joint trial, read into evidence by someone other than the codefendant violated the accused’s right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.
“A defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the codefendant does not take the stand. Limiting instructions to the jury may not in fact erase the prejudice.”
391 U.S. at 132, 88 S.Ct. at 1626, 20 L.Ed.2d at 479.
The statements received into evidence in Bruton tended to incriminate the accused. The appellant’s case is readily distinguishable. The record reflects that the only reference to the appellant in the codefendant’s statement was that they were all together at the appellant’s aunt’s house. The record reflects that the appellant’s counsel stated for the record that the statements were not in-culpatory and that he had no objection to their admission into evidence.
“The Court held in Bruton that the admission of a confession of a eodefendant who did not take the stand deprived the defendant of his rights under the Sixth Amendment Confrontation Clause, when that confession implicated the defendant. Even when the jury is instructed to consider the confession only against the declarant, the Court in Bruton determined that the danger of misuse of the confession by the jury was too great to be constitutionally permissible.”
Schneble v. Florida, 405 U.S. 427, 429-30, 92 S.Ct. 1056, 1057, 31 L.Ed.2d 340, 341 (1972). No Bruton violation occurred here.
Moreover, even assuming that a violation of Bruton did occur, we find that any error was harmless error beyond a reasonable doubt.
“The mere finding of a violation of the Bruton rule in the course of the trial, however, does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the eodefendant’s admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.”
405 U.S. at 430, 92 S.Ct. at 1057, 31 L.Ed.2d at 341.
The record reveals that in the appellant’s own statement to the police, which was received into evidence at trial, he confessed that he gave his codefendants a gun, but that he was too drunk to remember whether he went into the house. The appellant’s alibi witnesses stated at trial that the appellant was at his aunt’s house passed out on the couch at the time of the crime. However, the appellant’s alibi witnesses made conflicting statements to the police when initially questioned, stating that they did not know the appellant’s whereabouts at the time of the robbery. The record establishes overwhelming evidence of the appellant’s guilt without regard to any statement made by his codefendant. No error occurred here.
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur, except COBB, J., who concurs in result only.